LEE, C.J.,
for the Court:
¶ 1. J.M.S.[1] was convicted of simple assault and was sentenced to one day in the DeSoto County Juvenile Detention Facility, restitution of $387.76, and ten months of supervised probation, during which time she was required to complete an anger-management course. Also, J.M.S.’s mother was ordered to pay a fine of $100. The disposition was stayed pending a final ruling on appeal.
¶ 2. J.M.S. is represented by the Indigent Appeals Division of the Office of the State Public Defender. J.M.S.’s appellate counsel filed a brief with this Court pursuant to Lindsey v. State, 939 So.2d. 743 (Miss.2005), stating no arguable issues existed for appeal. J.M.S.’s appellate counsel also confirmed that he sent a copy of his brief to J.M.S., along with correspondence informing J.M.S. that he found no arguable issues in the record to raise as error, and that J.M.S. had a right to file a pro se brief to raise any perceived errors. Upon review, we find no error and affirm.
FACTS
¶ 3. J.M.S. and A.W., both minors, were involved in an altercation on a school bus leaving Center Hill High School. A.W. testified that J.M.S. asked her to move her things. J.M.S. then hit her several times, which “busted” her lip. J.M.S. testified that A.W. had called her several racial slurs before she hit A.W. several times. J.M.S. also testified that A.W. had previously mocked her and tripped her on the *956 bus a week prior to the incident. A.W. stated that she did not intend to trip J.M.S.
¶ 4. Although the incident was witnessed by several people, no witness testified that he heard A.W. use any racially pejorative language. The DeSoto County Youth Court found that the simple assault was uncontested and that J.M.S. did not act in self-defense. She now appeals.
DISCUSSION
¶ 5. In Lindsey, 989 So.2d at 748 (¶ 18), the Mississippi Supreme Court set forth the process to follow when appellate counsel for an indigent criminal defendant concludes no arguable issues exist on appeal. Specifically, the Lindsey court stated:
(1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7); see also [Smith v.] Robbins, 528 U.S. [259,] 280-81, 120 S.Ct. 746, [145 L.Ed.2d 756 (2000) ] (stating that “counsel’s summary of the case’s procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case.”).
(2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client’s appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.
(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.
(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant’s success on appeal.
(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.
Lindsey, 939 So.2d at 748 (¶ 18) (internal citations and footnotes omitted).
¶ 6. J.M.S.’s attorney stated he diligently and thoroughly scoured the record, searching for any arguable issues that could be presented in good faith on appeal; however, he found none. J.M.S.’s attorney asserted that he specifically examined: (1) the reason for J.M.S.’s arrest and the surrounding circumstances of the arrest; (2) any possible violation of J.M.S.’s right to counsel; (3) the entire trial transcript; (4) all rulings of the trial court; (5) possible prosecutorial misconduct; (6) all exhibits, whether admitted into evidence or not; (7) possible misrepresentation of the law in sentencing; (8) the intake order, petition, and summons and all pleadings in the record; (9) any possible ineffective-assistanee-of-counsel issues; (10) any speedy-trial issues; (11) sentencing and/or adjudication and disposition issues; and (12) any other possible reviewable issues. J.M.S.’s counsel did not examine any jury instructions, as there was no jury in this proceeding.
¶ 7. J.M.S.’s counsel requested an additional forty days for J.M.S. to file a pro se brief, should she so desire. The Mississip *957 pi Supreme Court granted that request giving J.M.S. until December 18, 2018, to file a pro se brief. J.M.S.’s counsel also stated he sent a copy of the brief along with correspondence informing J.M.S. that he found no arguable issues in the record and advising J.M.S. of her right to file a pro se brief. J.M.S. did not file a pro se brief. Also, we have carefully examined the record and find no error justifying reversal; therefore, we affirm.
¶ 8. THE JUDGMENT OF THE DE-SOTO COUNTY YOUTH COURT OF CONVICTION OF SIMPLE ASSAULT AND SENTENCE OF ONE DAY IN THE DESOTO COUNTY JUVENILE DETENTION FACILITY, WITH TEN MONTHS OF SUPERVISED PROBATION, AND A FINE OF $387.76, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. For confidentiality, we have used initials for the minors’ names in this opinion.